GRIFFIS, J.,
dissenting.
¶ 13. Whether the City of Hattiesburg instituted forfeiture proceedings within the statutorily required period is not the issue to be decided in this appeal. Because I find that service of process was not properly obtained over the City pursuant to Rule 4 of the Mississippi Rules of Civil Procedure, I respectfully dissent.
¶ 14. Mississippi Code Annotated Section 41-29-176 (Rev.2001) establishes the statutory procedure for governmental entities to follow for the disposition of seized property and forfeiture of property valued at less than $10,000. Mississippi Code Annotated Section 41-29-177 (Rev.2001) establishes the procedure for property valued'at more than $10,000. Under both of these statutes, the governmental entity has certain obligations. If the governmental entity fails to comply with its obligations, the owner of the property seized certainly has recourse to recover the property by commencing a legal action in the courts of this State. The Mississippi Rules of Civil Procedure govern the procedure of such legal action. M.R.C.P. 1
¶ 15. Indeed, prompt action by the City to commence forfeiture proceedings is required. However, the City’s failure to take prompt action in and of itself does not permit a summary determination of the City’s interest in the seized property or excuse Keys’ obligation to institute a civil action in accordance with the Mississippi Rules of Civil Procedure.
¶ 16. The majority questions my conclusions in the preceding paragraph. Indeed, the statute requires the commencement of forfeiture proceedings within a certain period of time. However, in this appeal, we are presented with a jurisdictional question that is governed not by the statute, which may dictate the ultimate resolution of this claim, but by the Mississippi Rules of Civil Procedure, which require proper service of process for the circuit court to acquire jurisdiction. The City, as any other defendant, is to be allowed notice and an opportunity to defend a legal action filed against it. Based on the record before us and the circuit court’s summary disposition of this case, my conclusion is based on the procedure and jurisdictional issue, not the ultimate outcome.
¶ 17. Keys commenced his civil action by filing his pleading, styled the “Motion to Return Property or in the Alternative Petition to Contest Forfeiture of Seized Property,” before the Circuit Court of Forrest County, Mississippi.
¶ 18. In adopting and promulgating the Mississippi Rules of Civil Procedure, the Mississippi Supreme Court established the appropriate methods for service of process. Here, Rule 4 required personal service on the Mayor of the City of Hattiesburg. Keys failed to obtain proper service of process, and the City properly preserved this error for appeal. Service by certified mail on the City was insufficient. *705 M.R.C.P. 4(d)(7). Therefore, jurisdiction never vested with the circuit court. Mansour v. Charmax Industries, Inc., 680 So.2d 852, 855 (Miss.1996). Keys may ultimately be entitled to the property. However, neither Keys nor the majority reveal any exception from the requirement of proper service of process.
1119. Instead, the majority concludes that the ends justifies the means. The result is that we now hold that there are certain situations or circumstances where the Mississippi Rules of Civil Procedure do not apply. I find no authority to support such decision, and the majority cites no authority for its decision to disregard the explicit requirement in Rule 4 of the Mississippi Rules of Civil Procedure. The City, as any other defendant, is entitled to proper notice and should be allowed an opportunity to defend or present any claim that it may have against the' property.
¶ 20. For these reasons, I would reverse the circuit court’s judgment and remand for further proceedings.
SOUTHWICK, P.J., JOINS THIS SEPARATE WRITTEN OPINION.